[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR ORDER FOR RETURN OR REPLACEMENT OF PERSONAL PROPERTY, CODED 187.07, DATED JANUARY 21, 1997
Many of the facts that give rise to this motion are not in dispute. By pendente lite motion dated August 8, 1994, coded 138, the defendant requested that he be allowed to remove from the family home personal property. On November 21, 1994, the court approved of a signed agreement between the parties, dated November 21, 1994, that agreement provided as follows:
 Plaintiff agrees to allow defendant in the marital residence to see what personal items he has not put on his list of items to be removed. Plaintiff agrees to not be there when defendant is, or have a family member there, but defendant's lawyer must be present. Defendant may go into the marital residence next week (November 28, 1994 — December 2, 1994) with his lawyer at a time to be arranged. Defendant will give plaintiff forty-eight hours notice. Defendant may take away items already agreed to by plaintiff out of the house.
That pendente lite order merged into the judgment when the marriage between the parties was dissolved on December 8, 1994. The parties entered into a separation agreement, dated December 8, 1994, which was approved by the court. Article five of that agreement provided as follows:
 5.1 All items of personalty shall be equitably divided between the parties.
The defendant filed a motion to obtain personal property, dated August 21, 1995, filed-stamped 150. On October 2, 1995, the court approved of an agreement between the parties dated October 2, 1995. That agreement, coded 153, provided in part as follows:
CT Page 7957 150 Motion Re: Personal Property Plaintiff has provided list of personal property which she still has. Defendant will review and provide plaintiff with a list of those items which are his and were to be returned. Defendant will arrange through his lawyer when and how to pick up those items.
The defendant filed a motion for contempt and sanctions, dated March 8, 1996, coded 165, alleging that the plaintiff has failed to divide the personal property as for the terms of the divorce agreement, Article 5, page 5. On April 15, 1996, the parties once again entered into a stipulation, coded 171, that was approved by the court. That stipulation provided in paragraph 8 as follows:
 Motion for Contempt (No. 165) The defendant shall provide a list to plaintiff, any items not in dispute shall be immediately returned to the defendant, any items in dispute a list shall be provided to defendant's counsel who may wish to file for further hearing(s).
Defendant's Exhibit 1 is a list of personal property prepared by the plaintiff. The black ink on the last page of that exhibit is in the defendant's hand writing. Defendant's Exhibit 2 is the list of items that the defendant claims the plaintiff forgot, and the defendant seeks to have returned to him. Defendant's Exhibit 5 is a list of items that the defendant claims were destroyed or damaged with a claimed fair market value of $4389. Defendant's Exhibit 6 is a list of missing items that were not available when the defendant went to the plaintiff's residence to retrieve his personal belongings. He claims that the fair market value of those items is $3435.
The cause of the damage to 90 percent of the items that were returned to the defendant that were listed on defendant's Exhibit 5 was water damage. The defendant was aware of the fact at least as early as September of 1996 that the items in question were in the basement at the family residence, and that the basement had water leakage problems. The plaintiff was also storing her items in the basement and knew that the basement was wet.
In view of the fact that the defendant was aware of water problems in the basement at the family residence and, nevertheless, failed to retrieve the items that he was entitled to for an unreasonable length of time, the court finds that the CT Page 7958 plaintiff is not responsible for the damage caused to the defendant's items from the water condition. The court is, therefore, not allowing any compensation to the defendant for items that he received that were damaged or destroyed.
The defendant also seeks compensation for items that he did not receive. In determining this issue, the court finds that defendant's Exhibit 1 consists of all of the items that were to be divided between the parties. The court finds that the following items were not on Exhibit 1 and, therefore, the defendant is not entitled to receive any compensation for those items. Those items are: (1) 24K gold necklace — $150; (2) wedding ring — $350; (3) one sheet of $2 bills uncut collector's edition — $100; (4) three saving's bonds ($50, $100, $50) — $200; (5) rollaway tool box — $150; (6) wood stove — $200; (7) crossbow and arrows — $200; (8) tools — $300; and (9) pictures of Mathew and others $100.
The court finds that the defendant added the rolled coins and the "Top Gun" videotape to defendant's Exhibit 1, and that they, therefore, were not part of defendant's Exhibit 1. Therefore, the defendant is not entitled to any compensation for those items. The court further finds that defendant, by his own admission, added the floor jack, jack stands, car and car ramps to defendant's Exhibit 1. He is not entitled to any compensation for those items. The items that were listed on defendant's Exhibit 1 that the defendant did not receive, therefore, are the pool table, pool sticks and five-piece, light brown, sectional sofa. The court is awarding the defendant $250 for the pool table, $50 for the pool sticks, and $300 for the sofa for a total of $600. The $600 is to be paid by the plaintiff to the defendant at the rate of $25 per week, commencing August 18, 1998, and weekly thereafter.
Axelrod, J.